IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT EARL MAY | § | |
| v. | § | CIVIL ACTION NO. 6:06cv326 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Robert Earl May, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

May was convicted on June 25, 2003, of aggravated sexual assault of a child and indecency with a child, receiving consecutive sentences of life in prison. His direct appeals were denied and the Texas Court of Criminal Appeals refused his petitions for discretionary review. May then sought state habeas corpus relief, which was denied on October 20, 2004.

May's federal habeas corpus petition included 41 separate numbered grounds for relief. The Magistrate Judge ordered the Respondent to answer the petition, and May filed a response to the answer. The Magistrate Judge also received and reviewed copies of the state court records.

On January 31, 2007, the Magistrate Judge issued a Report recommending that May's petition be denied. The Magistrate Judge grouped May's allegations into 11 general grounds for relief and carefully addressed each ground in turn. These grounds are: (1) incarceration of an innocent person violates due process; (2) sufficiency of the evidence; (3) ineffective assistance of counsel; (4) lack of investigation and investigator misconduct; (5) allowing testimony about non-

recorded interviews; (6) withholding of the police report; (7) failure to permit access to the school records of the accusers; (8) admission of hearsay into evidence; (9) ineffective assistance of counsel on appeal; (10) improper prosecutorial argument; and (11) a false statement in the response to May's state habeas corpus application. The Magistrate Judge concluded that each of May's allegations were without merit and recommended dismissal of the petition.

May filed objections to the Magistrate Judge's Report on February 28, 2007. In his objections, he first says that the Magistrate Judge erred by saying, at various places in the Report, that May had failed to show that an error had "would have changed the outcome of the trial." May says that it is "evident" that the errors changed the outcome of the trial, because the State failed to prove the allegations but he was convicted anyway.

This contention leads to a theme which runs throughout May's objections. He argues that there was no evidence upon which to find him guilty because the sworn testimony of Brittany and Hope, the children whom he was charged with assaulting and committing indecency with, "does not prove the allegations." He says that the Texas law which provides that a conviction may be had solely on the testimony of a child victim is "very unfair" and insists that this law is unconstitutional. May argues that just because the jury believes the accusers does not prove that what they are saying is true, and that the Magistrate Judge was using "false logic" in saying that the testimony of the victims is sufficient evidence to support the conviction. This objection is patently without merit.

Next, May points to a statement by the prosecutor to the effect that Tim Cone, May's attorney, had said or implied that Brittany "wanted attention in the form of sexual touching." The Magistrate Judge observed that the prosecutor's statement was improper and that Cone should have objected to it, but concluded that May had not shown that but for Cone's failure to object, the result of the proceeding would probably have been different.

In his objection on this ground, May says that perhaps this one omission by itself did not affect the jury's decision., but that the accumulation of all of the misconduct, omissions, failures to

2

object, and lies add up to show that he was denied a fair trial. This is in effect a claim of cumulative error.

As a general rule, issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). In this case, May's claim of cumulative error was not raised in the state courts, and so it is procedurally defaulted; in addition, it was raised for the first time in his objections, and so it is not properly before the Court at all.

Even were this claim properly before the Court, it is without merit. The Fifth Circuit has held that federal habeas corpus relief may only be granted for cumulative errors where (1) the individual errors involved matters of constitutional law rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors so infected the entire trial that the resulting conviction violates due process. Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993), *citing* Derden v. McNeel, 978 F.2d 1453, 1454 (5th Cir. 1992) (*en banc*). May has not shown that the allegedly cumulative errors so infected his trial that his conviction violates due process; as noted above, he claims that the jury must have been influenced by the errors because they could not properly find him guilty based on the testimony of the victims, a claim which lacks any support in the law. To the extent that May complains of cumulative error, his claim is procedurally defaulted and without merit.

May next complains that the prosecutor presented various information or arguments in an "unfair and misleading way." His claims on this point were thoroughly addressed by the Magistrate Judge, and May offers nothing to show that the Magistrate Judge's conclusions were incorrect. These objections are without merit.

May goes on to assert that he did not receive a fair hearing in his state habeas corpus petition because according to Texas Monthly magazine, the Texas Court of Criminal Appeals never gives anyone relief on appeal. He says that his son talked to a lawyer who said that it is virtually

impossible to get relief in Texas "unless you have a lot of money." Thus, May says, the fact that his state habeas petition was denied does not mean that it lacked merit. This objection fails to show any valid ground for federal habeas corpus relief, nor that the Magistrate Judge erred in any way.

May complains that Officer Vanover, the investigator, "told many lies" in his trial. He says that a Longview attorney told him that Vanover had a reputation for lying, but that Cone refused to subpoena this attorney. The Magistrate Judge addressed Vanover's testimony in the Report and May has failed to show that the Report was incorrect in this regard.

May goes on to raise new allegations of ineffective assistance of counsel, including contentions that Cone did not subpoena this attorney, Cone failed to do enough investigative work to show that Vanover was a liar, and Cone failed to contact other people about whom Vanover had lied and secured a conviction. These allegations are newly raised in May's objections and were never presented to the state courts, and thus have been procedurally defaulted.

Next, May complains that the prosecutor lied by saying that the accusers' stories had not changed when in fact they had. This contention was discussed extensively by the Magistrate Judge, and May has not shown that the Magistrate Judge's conclusions on this point were in error.

With regard to a ground for relief that the Magistrate Judge determined was procedurally barred because it was not raised in May's petition for discretionary review or state habeas petition, May says that the Magistrate Judge erred because the ground was raised in his first appeal to the district appeals court. However, this is not sufficient to avoid the procedural bar; the ground for relief must be presented to the highest state court, which is done by discretionary review or through state habeas corpus proceedings. *See* <u>Richardson v. Procunier</u>, 762 F.2d 429, 431 (5th Cir. 1985). May's objection on this ground is without merit.

May goes on to complain again about the prosecutor and Vanover, saying that the prosecutor talked about "what May had said to Vanover" when in fact the statements were what Vanover said that May (who denies making the statements) told him. The Magistrate Judge concluded that the prosecutor's statements were reasonable deductions from the evidence, but May says that the

prosecutor was simply lying. As the Magistrate Judge stated, Vanover testified that May had made the statements to him, and so the prosecutor could reasonably deduce that May had made the statements. May's objection on this ground is without merit.

Finally, May complains that the assistant district attorney who answered his state habeas petition made a "false statement" by saying that May had been asked by the Court if he had anything to say why sentence should not be pronounced upon him, and he answered nothing in bar thereof, when in fact this question was never asked of him. He claimed that this assertion by the assistant district attorney somehow prejudiced the Texas Court of Criminal Appeals against him by making it look like he was conceding guilt, but the Magistrate Judge stated that May offered nothing to show that inclusion of this statement would prejudice the Court of Criminal Appeals. May says that this statement, plus the fact that there were statements made during trial which did not appeal in the record, shows how "shoddy, poorly done, and lack of high professional standards" that the Courts are in Texas, putting people in jail for life or in prison to be executed. However, even if an error was made in the response to his state habeas petition, May has failed to show that this entitles him to federal habeas corpus relief; the Fifth Circuit has held that infirmities in state habeas proceedings do not constitute grounds for relief in federal court. Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999). This contention is without merit.

In conclusion, May says that if Texas "makes up its own law to favor the prosecution," fails to enforce federal laws, and justifies its actions with "false logic," and the federal courts do not enforce federal law and justify their denials with "false logic," then he has no chance. He says that Texas, per capita, puts more people (including innocent people) in prison than any other state, and that if the federal courts do not act, the state prosecutors and judges will just keep on breaking the law and never be held accountable. He again insists that he is not guilty and that his accusers know it. May's objections fail to show any valid basis for rejecting the Report of the Magistrate Judge.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the state court records, the answer filed by the Respondent, the Petitioner's

response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 5th day of March, 2007.**

**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**